ANGELO COLO *v.* JOHN F. UNGHIRE ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 141925

Memorandum filed February 29, 1968

*Alcorn, Bakewell & Smith,* of Hartford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the named defendant.

*Regnier, Moller & Taylor,* of Hartford, for the defendants Carlson and Schmidt.

PARSKEY, J. The case involved a collision which occurred April 23, 1964, on route 10 in Farmington between a motor vehicle in which the plaintiff was a passenger and an overloaded dump truck. The plaintiff brought suit against his own operator and against both the owner and the operator of the dump truck. The latter two defendants will hereinafter be referred to as the defendant. The jury returned a plaintiff's verdict in the amount of $20,000 against

the defendant only. The defendant's liability was clear; the only liability question in the case was whether the operator of the car was also liable. The defendant has not filed a motion to set aside the verdict. The only issue involved in the instant motion is the adequacy of the plaintiff's verdict.

The facts in this case on the question of damages are not seriously in dispute. The plaintiff was seated in the rear seat on the right-hand side of the car. As a result of the collision, the plaintiff's legs were jammed under the front seat, his left leg was twisted under him, and his body was seated on the floor. He received a deep gash on his forehead, his scalp was loosened, and his skull bone was exposed. While in this posture, the plaintiff was variously described by other occupants of the car as screaming, hollering or hysterical. He remained in this condition until he was removed from the vehicle by an ambulance attendant and the police. He was taken by ambulance to the Hartford Hospital. At the hospital, the plaintiff's scalp was sutured in layers; with the stitches in, the plaintiff's forehead looked like a baseball. X rays of his left extremity disclosed a comminuted supracondylar T-type fracture of his thigh bone which was reduced by the insertion of a wire in his leg below the knee, by immobilizing his leg and thigh in a cast, and by putting his lower extremity in traction. During therapy, the plaintiff developed a urinary obstruction which, according to the hospital record, required frequent catheterization. He remained in the hospital until the first week in June. After the cast was removed, he remained on crutches until the third week of August. He remained out of work until October 1 and then worked half time until November 1, 1964. He was left with a scar about one-half inch wide which extended from one side of his head to the other just in front of the hairline. He was also left

with a permanent partial disability of his left knee of 25 percent according to the plaintiff's orthopedic surgeon and of 20 to 25 percent according to the defendant's orthopedic surgeon. Just above the knee there is a permanent thickening of the muscles.

The plaintiff, who is forty-nine years old and who has a life expectancy of twenty-four years, has been employed by Pratt and Whitney Aircraft since 1937. He is now employed at the Southington plant, working full time as a supervisor foreman in charge of thirty men. His work requires him to be on his feet during most of the working day. Prolonged standing causes his knee to swell. At the end of each working day, his knee is swollen and painful. Prior to the accident, the plaintiff used to enjoy bowling and hunting. As a result of the accident, he can engage in these activities only with difficulty. The plaintiff has incurred special damages of approximately $6000, of which about $2600 represents medical specials. At the pretrial conference, the judge (who was not the trial judge) recommended for settlement purposes a figure of $30,000 to $35,000.

On the facts of this case, which were uncontroverted or which the jury reasonably could not disbelieve, a verdict of $20,000 is manifestly unjust. Whether the discussions which have been taking place in the press and in other forums in recent days have had a chilling effect on the size of jury verdicts in general and on this verdict in particular, the court has no need to decide. The court is persuaded that the jury reasonably could not have considered the nature and extent of the plaintiff's injuries, the nature and extent of the plaintiff's disability, and the nature and extent of the plaintiff's pain and suffering, past, present and future, and have arrived at the result which they did. Upon careful consideration of all the evidence, including

observation of the plaintiff on the witness stand, the court is persuaded that a substantial additur is warranted. Although the case would justify a higher amount, $36,000 in the court's judgment is reasonable.

Accordingly, the verdict is set aside, and a new trial is ordered limited to the issue of damages unless the defendant within one week from date hereof and the plaintiff within one week thereafter stipulate that judgment may enter for the plaintiff in the amount of $36,000.